**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Stephen Murdock, et al,                )        No. CV 04-2313-PCT-DGC
                                       )
        Plaintiffs,          )
                                       )
vs.                                    )        **ORDER**
                                       )
Mingus Union High School District, et al,)
                                       )
        Defendants.          )
                                       )
_____)

      Plaintiffs have filed a Motion to Extend Deadlines (Doc. #68) which seeks a 60-day extension of the August 31, 2005 discovery deadline and the September 30, 2005 deadline for dispositive motions.  Defendants have filed an opposition (Doc. #70) and Plaintiffs have filed a reply (Doc. #72).

      The Court entered a Case Management Order on December 3, 2004. The order established a discovery period of almost nine months.  The Court informed the parties at the case management conference that it did not intend to extend this discovery period.  In addition, the Case Management Order contained the following paragraph:

      10.   <u>The Deadlines Are Real</u>.  The parties are advised that the Court intends to enforce the  deadlines set forth in this Order, and should plan their litigation activities accordingly.

Doc. #5 at 5.

      The Court has reviewed the docket in this matter and concludes that Plaintiffs were not diligent in seeking discovery.  Plaintiffs assert in their motion that they served written

discovery on March 29 and June 21, 2005.  The docket does not include notices for either of these discovery requests.  Assuming they were served as Plaintiffs assert, they were not first served until almost four months after entry of the Case Management Order.  Moreover, the docket shows that depositions were not taken until the last few months of the discovery period.  Plaintiffs did not seek to extend the discovery deadlines until after the deadline for completing discovery and filing dispositive motions had passed.[1]

Rule 16(b) of the Federal Rules of Civil Procedure states that a case management schedule "shall not be modified except upon a showing of good cause."  The Ninth Circuit has instructed that the "good cause" standard primarily considers the diligence of the party seeking to extend the schedule.  *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The record in this case does not reflect diligence by Plaintiffs in seeking or completing discovery.  Plaintiffs complain in their motion that Defendants improperly delayed the disclosure of documents, but the Court concludes that the nine-month discovery period provided ample time for Plaintiffs to request all appropriate documents and follow-up in depositions if necessary.

**IT IS ORDERED** that Plaintiffs' Motion to Extend Deadlines (Doc. #68) is **denied**.

DATED this 19th day of December, 2005.

David G. Campbell
United States District Judge

---

[1] Moreover, Plaintiffs' reply memorandum raises concerns about a privilege position taken by Defendants in an August deposition.  Raising that issue for the first time in a reply memorandum filed more than three months after the close of discovery is neither timely nor diligent.  It also violates the Case Management Order, which provides that "[a]bsent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery . . . ."  Doc. #5 at 3.