**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen and Kelly Murdock, husband and wife,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Mingus Union High School District; Mingus Union Governing Board; Does I-X; Black Corps., Associations and Partnerships,<br><br>　　　　Defendants. | No. CV-04-2313-PHX-DGC<br><br>**ORDER** |

Defendants have filed a Motion for Attorneys' Fees. Doc. #80. For the reasons set forth below, the Court will deny the motion.

Defendants seek to recover attorneys' fees under 42 U.S.C. § 1988. Fees may be awarded under this statute only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). The Supreme Court has cautioned that courts should "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id*. at 421-22. Although ultimately unsuccessful, the Court concludes that Plaintiffs' claims were sufficiently colorable to warrant a denial of Defendants' fee request. The claims were not frivolous, unreasonable, or without foundation within the meaning of § 1988.

Defendants also seek to recover their attorneys' fees under A.R.S. § 12-341.01(A). Arizona courts have made clear, however, that courts should consider whether a fee award under this statute "would cause undue hardship" to a plaintiff. *Woerth v. City of Flagstaff*, 808 P.2d 297, 305 (Ariz. App. 1990). Plaintiffs have submitted an affidavit stating that Mr. Murdock has not found employment as a teacher since the non-renewal of his contract by Defendants and that he currently is working in seasonal agricultural. Although Mrs. Murdock is also working, the affidavit states that the family is on a limited budget, paying a mortgage, and without the financial resources to pay an attorneys' fees award. Defendants criticize Plaintiffs for failing to provide household expense information, but they provide no evidence to contradict Plaintiffs' assertion that an attorneys' fees award would impose undue hardship. The Court concludes, in its discretion, that an award of fees should not be made under § 12-341.01.

Finally, Defendants seek to recover fees under A.R.S. § 12-349. This statute requires Defendants to show that Plaintiffs' claims were "groundless, in bad faith and harassing." *Phoenix Newspapers, Inc. v. Dept. of Corrections*, 934 P.2d 801, 808 (Ariz. App. 1997). Having concluded that Plaintiffs' claims were sufficiently colorable to escape an award of fees under § 1988, the Court also concludes that they are not subject to an award under § 12-349. The Court has seen no evidence to suggest that Plaintiffs' claim was brought in bad faith or for the purpose of harassment.

**IT IS HEREBY ORDERED** that Defendants' Motion for Attorneys' Fees (Doc. #80) is **denied**.

DATED this 25th day of July, 2006.

_____
David G. Campbell
United States District Judge